IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY SUNDAY # 287785 | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:13-cv-492-MHT |
| | ) |
| DEPARTMENT OF HUMAN RESOURCES and VENESSA M. GREW MAYO-ABOYO | ) ) ) ) |
| | ) |
|     Defendants. | ) |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On July 12, 2013, Plaintiff initiated this action by filing a Complaint and Motion for Leave to Proceed in forma pauperis. (Docs. 1-2). Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 4, filed July 15, 2013). For good cause, the Magistrate Judge recommends that this case be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

### I. INTRODUCTION

The Plaintiff, who is proceeding *pro se*, filed this action pursuant to 42 U.S.C.§ 1983 on July 12, 2013 asking this court to issue an Order to (1) "stop all proceeding [in

---

[1] The statute provides, in pertinent part:"[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Montgomery County Circuit Court] dealing with the custody of Naomi, Nathan, Elizebeth and Emmunle Sunday." (2) "restrain all hearing until I (the plaintiff Sunday) am present to defend my cause in open court." (3) "direct the family court of Montgomery to order and independent counselor for my wife, Regina Sunday." (4) " restrain the contact of Catherine Bowe to visit or take kids from the United States to the Country of Bahamas." (5) "be transported by federal transport agent to this hearing that will be set by this honorable court." (6) "order and independent investigation of the incident of March 27-29, 2012 of the sexual assault on my (9) nine-year-old Naomi Sunday."

The Plaintiff names as Defendants the Department of Human Resources of Alabama ("DHR") and Venessa M. Grew Mayo-Aboyo, presumably an employee of DHR. The Complaint seeks injunctive relief pursuant to 42 U.S.C. § 1983 wherein he asks this Court to direct and require the Circuit Court of Montgomery County to appoint counsel for his wife, to hold hearings in a custody case which involves his children and their foster parents, to make him available for such hearings, to restrain contact of Catherine Bowe with his children and to order an investigation into alleged abuse of his children by the foster parents. *See* Doc. 1, Complaint.

On August 9, 2013, this Court entered an Order granting Plaintiff's application to proceed *in forma pauperis* and requiring the payment of an initial partial filing fee by September 6, 2013. (Doc. 6). The court received payment of the initial partial filing fee on August 22, 2013. In *forma pauperis* proceedings are governed by 28 U.S.C.§ 1915 which

requires this court to conduct a preliminary review of the complaint to ensure the action is not "frivolous or malicious," "fails to state a claim on which relief can be granted," or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C.§ 1915(e)(2)(B).

## II.  DISCUSSION AND ANALYSIS

Plaintiff brings his claims under the guise of the due process clause; however, it is clear to the Court that all of Sunday's claims concern a challenge to the state court's decisions in a pending proceeding. Initially, the Court must address whether it has subject matter jurisdiction over Plaintiff's claims. *See Mitchell v. Brown & Williamson Tobacco Corp.* 294 F.3d 1309, 1314 (11th Cir. 2002) (The court has an "independent obligation" to determine whether it has jurisdiction.) (Citations omitted). As Plaintiff proceeds *pro se*, the court will liberally construe the allegations of his complaint. *See Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir. 2008). Plaintiff alleges a violation of his Fourteenth Amendment due process rights pursuant to 42 U.S.C. § 1983. Section 1983 provides a remedy when a person acting under color of law deprives a plaintiff of a right, privilege, or immunity secured by the Constitution, laws, or treaties of the United States. *See* 42 U.S.C. § 1983.[2] Plaintiff ostensibly brings his

---

[2] Section 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be

due process claims pursuant to §1983; therefore, the Court must determine whether federal question jurisdiction exists pursuant to 28 U.S.C. § 1331.[3]

However, the Court concludes that this action warrants dismissal because this court lacks original jurisdiction over this action.[4] Indeed, for this Court to exercise jurisdiction over this action the Plaintiff must demonstrate that he has standing to bring his claims. The law is clear; "[t]o demonstrate Article III standing, a plaintiff has the burden of proving: (1) that he or she suffered an "injury-in-fact"; (2) that a causal relationship exists between the injury and the challenged conduct; and (3) that the injury likely will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). The injury must be "concrete," not "conjectural" or "hypothetical." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 103, 118 S.Ct. 1003, 1016-17, 140 L.Ed.2d 210 (1998). Most importantly, Article III standing is based on "a single basic idea – the idea of separation of powers." Indeed, federal courts may exercise jurisdiction only as a "last resort, and as a necessity" and only when such action is "consistent with a system of separated powers." *Allen v. Wright,* 468 U.S. 737, 752, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984).

---

liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

[3]Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

[4] Federal Courts are courts of *limited* jurisdiction and they possess only the power authorized by the Constitution and acts of Congress. *Kokkonen v. Guardian Life Ins. Co. Of America,* 511 U.S. 375, 377, 114S.Ct. 1673, 1676, 128 L.Ed.2d 391 (1994).

(Citations omitted).

Plaintiff complains that his due process rights, or the due process rights of his family, are in jeopardy due to an on-going state court custody suit.  Specifically Plaintiff asks this court direct and require the Circuit Court of Montgomery County to appoint counsel for his wife, to hold hearings in a custody case which involves his children and their foster parents, to make him available for such hearings, to restrain contact of Catherine Bowe with his children and to order an investigation into alleged abuse of his children by the foster parents. *See* Doc. 1, Complaint.  However, Plaintiff does not allege that he has suffered any specific injury as a result of the state court's action or inaction.  Rather, the Plaintiff merely complains that the state court should hold further hearings with him present and restrain certain people from having contact with his children.  As Plaintiff fails to demonstrate that he has suffered an "injury-in-fact", *Lujan, id.,* the court concludes he has not proven that he has standing to bring this action.

Finally, even if there were federal jurisdiction, *Younger v. Harris,* 401 U.S.37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny espouse a strong federal policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances. *See Middlesex County Ethics Comm. v Garden State Bar Ass'n,* 457 U.S. 423, 431, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982).  Indeed, the United States Supreme Court has directed that federal courts should refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and

(3) the parties have an adequate opportunity to raise any constitutional claims in the state court proceeding. *See Middlesex, id.* at 432. In the instant action, Plaintiff alleges that there is an on-going state court action which involves the parties named in this federal court action and involves a clear question of state law, i.e. the custody of minors. Furthermore, Plaintiff may raise any due process claims in the underlying state lawsuit. Thus, the *Younger* doctrine requires this Court to refrain from interfering in the ongoing state lawsuit.

For the reasons stated above, the Court concludes that a viable cause of action does not exist against the named parties in this action, and that the Court does not have subject matter jurisdiction over Plaintiff's action. The complaint fails to state a claim upon which relief maybe granted, and therefore, warrants dismissal prior to service of process under 28 U.S.C. § 1915 (e)(2)(B).

### III. Conclusion

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).

It is further ORDERED that the Plaintiff file any objections to the this Recommendation on or before **September 19, 2013.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and,

therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 4th day of September, 2013.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE